UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES CUMMINS,

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

No. 1:25-cv-01853-DC-AC

ORDER TO PETITIONER TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT ISSUE

On January 15, 2026, the court issued an order denying Petitioner's motion to enforce and modify habeas relief. (Doc. No. 31.) In that order, the court noted that numerous citations in Petitioner's motion to enforce and modify habeas relief (Doc. No. 19) and reply thereto (Doc. No. 24) contained "erroneous citations," and indicated that the court would address those erroneous citations by separate order. (Doc. No. 31 at 6 n.2.)

For the reasons set forth below, the court will order Petitioner's counsel to show cause as to why sanctions or other appropriate disciplinary action should not issue due to Petitioner's inclusion of non-existent and erroneous citations in Petitioner's briefing, and due to law student Gina Herrera's unauthorized appearance in this court.

On December 15, 2025, Petitioner Daniel James Cummins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Attorney Robert G. Cummings and law student Gina Herrera are listed as counsel of record on the caption of that petition. (*Id.*) The

1

petition indicated that Ms. Herrera was appearing "pursuant to 8 C.F.R. § 1292.1(a)(2)." (*Id.* at 1.) On that same day, Petitioner filed a motion for temporary restraining order, which the court granted in part and denied in part on December 23, 2025. (Doc. Nos. 3, 12.)

On January 2, 2026, Petitioner filed a motion to enforce and modify habeas relief, and Petitioner filed a reply in support of that motion on January 12, 2026. (Doc. Nos. 19, 24.) As discussed in detail below, both the motion and reply contained numerous citations to cases that do not exist, or that do not support the proposition asserted by Petitioner.

On January 14, 2026, after the court issued an order requiring counsel to appear at a hearing and to be "prepared to address the hallucinated citations included in Petitioner's briefs," Petitioner filed a notice of errata indicating he "mistakenly included" four cases in his reply brief, and that the identified citations "do not appear in publicly available legal databases or were incorrectly cited in the initial brief." (Doc. Nos. 26; 28 at 1.) Petitioner maintained that the "remainder of the brief and argument including citations remain accurate and are not impacted by this correction." (*Id.*) Finally, Petitioner indicated that "Petitioner's counsel is in the process of reviewing all filings in the matter to ensure continued accuracy and integrity of the record" and "apologize[d] to the Court and opposing counsel for the inadvertent inclusion of those citations." (*Id.* at 2.) Petitioner has not filed any follow up to his notice of errata despite the notice of errata failing to address all erroneous citations in his motion and reply.

On January 15, 2026, the court issued an order vacating the hearing date and indicating that the court would address the erroneous citations by separate order. (Doc. No. 31.)

As detailed in the following chart, Petitioner's motion to modify and enforce habeas relief and reply thereto are replete with citations to cases that do not exist, or that do not stand for the propositions asserted by Petitioner.

| Location in Brief | Case Cited in Motion and Quote/Position Asserted | Error with Citation |
|---|---|---|
| Doc. No. 19 at 3 Line 20 | *Alec L v. Garland*, 63 F.4th 1083 (9th Cir. 2023)<br><br>Cited for the proposition: A constitutionally compliant bond hearing requires that the | • Reporter/pincite corresponds to a page within a Sixth Circuit decision, *United States v. Domenech*, 63 F.4th 1078, 1083 (6th Cir. 2023), which pertains to |

| | | |
|---|---|---|
| | government bear the burden of showing by clear and convincing evidence that continued detention is justified by actual, individualized evidence of danger or flight risk. | sentencing in criminal drug cases. The case is not relevant here.<br>• The case cited by Petitioner does not appear to exist. |
| Doc. No. 19 at 4 Line 11 | *Garcia v. INS,* 204 F.3d 769, 772 (9th Cir. 2000)<br><br>Cited for the proposition: Arrests and dismissed charges cannot establish dangerousness without reliable evidence. | • Reporter/pincite does not correspond to a case.<br>• The court found *Garcia v. INS* at 222 F.3d 1208 (9th Cir. 2000), which is an immigration case but pertains to notice of an immigration hearing, not consideration of dismissed criminal charges. |
| Doc. No. 19 at 4 Line 12 | *Pastor-Camarena v. INS,* 964 F.2d 365, 367 (5th Cir. 1992)<br><br>Cited for the proposition: Arrests and dismissed charges cannot establish dangerousness without reliable evidence. | • Reporter/pincite corresponds to *United States v. Green*, 964 F.2d 365 (5th Cir. 1992), which pertains to mail fraud.<br>• The court found *Pastor-Camarena v. Smith,* 977 F. Supp. 1415 (W.D. Wash. 1997), which interprets an irrelevant section of Illegal Immigration Reform and Immigrant Responsibility Act of 1996. |
| Doc. No. 19 at 4 Line 13 | *Matter of Guerra,* 24 I. & N. Dec. 37, 40 (BIA 2006)<br><br>Cited for the proposition: Arrests and dismissed charges cannot establish dangerousness without reliable evidence. | • Citation is accurate, but holding is directly contrary to asserted proposition. *See Matter of Guerra*, 24 I. & N. at 40 ("In the context of custody redeterminations, Immigration Judges are not limited to considering *only* criminal convictions in assessing whether an alien is a danger to the community. . . Therefore, although we recognize that the respondent has not been convicted of the offenses charged in the criminal complaint, we find that unfavorable evidence of his conduct, including evidence of criminal activity, is pertinent to |

3

| | | |
|---|---|---|
| | | the Immigration Judge's analysis regarding whether the respondent poses a danger to the community.") |
| Doc. No. 19 at 5 Line 11 | *Elrod v. Burns,* 427 U.S. 347, 373 (1976) ("The loss of liberty for even minimal periods of time constitutes irreparable injury.") | • Correct citation but inaccurate quote. <br> • Actual quote: "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." |
| Doc. No. 24 at 2 Line 19 | *Vuong v. Jennings*, No. 20-cv-03050 (N.D. Cal. 2020) <br><br> Cited for proposition: Denial of access to medical treatment constitutes irreparable harm. | • Case name does not exist. N.D. Cal. Case No. 20-cv-03050 corresponds to *Adobe Inc. v. Cornerstone Information Systems, Inc.*, which does not pertain to denial of medical treatment. |
| Doc. No. 24 at 2 Line 20 | *Zepeda Rivas v. Jennings*, 455 F. Supp. 3d 1029, 1039–40 (N.D. Cal. 2020) (recognizing denial of medical care as irreparable injury warranting release). | • Reporter/Pincite corresponds to *Rocky Mountain Wild, Inc. v. United States Bureau of Land Mgmt.*, 455 F. Supp. 3d 1005 (D. Colo. 2020), which does not pertain to medical care. <br> • *Zepeda Rivas v. Jennings*, **465** F. Supp. 3d 1028, pertains to immigration detention during COVID and does not support the asserted proposition. |
| Doc. No. 24 at 2 Line 24 | *Phan v. I.N.S.*, 56 F.3d 1393 (9th Cir. 1995) <br><br> Cited for the proposition: Habeas is still appropriate to challenge the adequacy of a bond hearing. | • No case exists with this reporter information, and no case found with this name. |
| Doc. No. 24 at 3 Line 1 | *Arellano v. Wolf*, No. 1:20-cv-00649-NONE-EPG (E.D. Cal. 2020) <br><br> Cited for the proposition: In the Eastern District, courts have routinely granted habeas relief post-bond hearing where the process was constitutionally deficient. | • Incorrect case number and judges. <br> • E.D. Cal. Case No. 1:20-cv-00649-ADA-HBK corresponds to *Lopez v. City of Merced County et al.* <br> • *Lopez* pertains to a case of mistaken identity and does not support Petitioner's asserted proposition. |

| | | • No case found with this name. |
|---|---|---|
| Doc. No. 24 at 3 Line 2 | *Calderon v. Barr*, No. 1:20-cv-00796-NONE-EPG (E.D. Cal. 2020)<br><br>Cited for the proposition: In the Eastern District, courts have routinely granted habeas relief post-bond hearing where the process was constitutionally deficient. | • Incorrect case number and judges.<br>• E.D. Cal. Case No. 1:20-cv-00796-AWI-SKO corresponds to *Yellowcake, Inc. v. Platino Records, et al.*<br>• *Yellowcake* is an intellectual property dispute and does not support Petitioner's asserted proposition.<br>• No case found with this name. |

These erroneous citations bear the hallmarks of hallucinated cases created by artificial intelligence ("AI") tools. *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1065-66 (E.D. Cal. 2025) (noting that cases created by generative AI tools "look[] like a real case with a case name," including "a citation to the federal supplement," "identification of a district court," and "the year for the decision," but in actuality lead to cases that "do not address, refer to, or have anything to do with" the issues raised in the motion); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 454 (S.D.N.Y. 2023) (finding that generative AI tools created case citations that had "correct names and citations but d[id] not contain language quoted or support the propositions for which they [we]re offered").

Notably, Petitioner's notice of errata identified only *Vuong*, *Arellano*, *Calderon*, and *Pham* as erroneously cited, and did not provide any explanation for their erroneous inclusion in Petitioner's reply. (Doc. No. 28.)

Numerous courts, both within and outside of this circuit, have issued sanctions due to counsel's inclusion of erroneous and/or hallucinated citations bearing the hallmarks of AI generative tools such as those listed above. *See, e.g.*, *Hayes*, 763 F. Supp. 3d at 1073 (issuing sanctions for inclusion of AI generated citations pursuant to Eastern District Local Rule 180(e)); *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 499 (D. Wyo. 2025) (issuing sanctions for inclusion of AI generated citations pursuant to Federal Rule of Civil Procedure 11); *Ezzy Credit, LLC v. Prescription Techs., Inc.*, No. 8:24-cv-02436-SDM-AAS, 2025 WL 3067426, at *4 (M.D. Fla. Jul 8, 2025) (issuing sanctions for inclusion of AI generated citations pursuant to 28 U.S.C. § 1927). Accordingly, the court will order Petitioner to show cause why sanctions or other appropriate

disciplinary action should not issue under these circumstances.

In addition, as to the unauthorized appearance of law student Gina Herrera, the Local Rules mandate that only certified law students may appear in proceedings in front of a judge in this court. L.R. 181(d)(2)(B). To be certified, a law student must be eligible for certification, apply to the clerk for certification, and provide the written consent of their client on a consent form available from the clerk before appearing on that client's behalf. L.R. 181. Ms. Herrera has not provided documentation showing she has satisfied these requirements. Additionally, the court notes that Petitioner's counsel has already been made aware of Ms. Herrera's unauthorized appearances in this court. *See Chavez v. Becerra*, No. 1:25-cv-cv-02058-KES-SAB, 2026 WL 91757, at 1 n.1 (E.D. Cal. Jan 13, 2026) (noting that Mr. Cummings and Ms. Herrera's filings in that case "do not evidence compliance with E.D. Cal. Local Rule 181" and requiring that "Attorney Cummings [] document compliance with Local Rule 181 in any further filing listing Ms. Herrera.").

Accordingly, the court will also order Petitioner to show cause as to why sanctions should not issue due to Ms. Herrera's unauthorized appearance in this case in violation of Local Rule 181.

For the reasons set forth above, Petitioner is ORDERED TO SHOW CAUSE by no later than February 20, 2026, as to why sanctions should not issue due to Petitioner's use of erroneous case citations in his motion to enforce and modify habeas relief (Doc. No. 19) and reply thereto (Doc. No. 24), and due to law student Gina Herrera's unauthorized appearance in this case.

IT IS SO ORDERED.

Dated:    **February 9, 2026**    _____

Dena Coggins
United States District Judge

6