UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES CUMMINS, A-208-560-756,<br>Petitioner,<br>v.<br>MOISES BECERRA, et al.,<br>Respondents. | No. 1:25-cv-1853 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends the petition be dismissed as moot.

On December 15, 2025, the court received petitioner's counseled petition for writ of habeas corpus, along with a motion for temporary restraining order. ECF Nos. 1, 3. The court granted the motion in part, ordering respondents to provide petitioner "with a constitutionally compliant bond hearing within fourteen (14) days," at which "the Government bears the burden to justify, by clear and convincing evidence, his continued detention while his asylum claim proceeds." ECF No. 12.

As relevant here, respondents filed a motion to dismiss the petition, arguing that the petition should be dismissed as moot in light of the court's prior order granting petitioner a bond

hearing, or alternatively dismissed on the merits. ECF No. 23. While that motion was pending, respondents filed a supplemental answer, informing the court that petitioner had been removed from the United States and arguing that the petition should be denied as moot in light of his departure. ECF No. 41.

The undersigned issued an order directing petitioner to file a reply informing the court as to his position on mootness, in light of changed circumstances. ECF No. 42. Petitioner, through counsel, filed a statement of non-opposition, stating petitioner does not oppose dismissal of this habeas action as moot as long as the dismissal is based solely on mootness due to petitioner's removal—without addressing the merits of claims—and is without prejudice. ECF No. 43.

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision." Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" Id.

Given petitioner's removal from the United States, and the parties' concession regarding mootness in light of his departure, the undersigned finds no case or controversy exists and recommends this action be dismissed as moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention."). Additionally, because the court never reached the merits of this case, the undersigned recommends that dismissal be without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 23) be GRANTED solely on mootness based on petitioner's departure from the United States.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue is moot as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE